Peter J. Cresci, Plaintiff
c/o Cresci Firm
10175 Campbell Road
Paris, NY 13456
E-Mail: Crescilegal@gmail.com
Tel. 646-701-9029; Fax 888-803-9705
File No. 25-8720

U.S DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

APR 17 2025

FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| PETER J. CRESCI, INDIVIDUALLY; JOHN DOES 1-5; JANES DOES 1-5;<br><br>                Plaintiff(s),<br><br>v.<br><br>DOMINIQUE D. BARABINO, INDIVIDUALLY; THE JONES GROUP, LLC; AND REALTY ONE GROUP VISIONARIES; KELLER WILLIAMS REALTY AUGUSTA PARTNERS; KELLER WILLIAMS REALTY, INC.<br><br>                Defendants. | CIVIL ACTION NO: _____<br><br>**COMPLAINT & JURY DEMAND**<br><br>CV125- 090 |

Plaintiff Peter J. Cresci residing in the State of New Jersey, working in New York, by and through its undersigned address, for its Complaint against Defendants Barabino; the Jones Group, LLC; Realty One Group Visionaries; Keller Williams, hereby states the following.

1

## THE PARTIES

1. Plaintiff Cresci is an Individual and resident of the State of New Jersey.

2. Upon information and belief, Defendant Barabino currently resides 7514 Senators Ridge Drive, Grovetown, GA 30813. Defendant The Jones Group, LLC and Defendant Realty One Group Visionaries operate out of 1106 Broad Street, Ste. B, Augusta, GA 30901. Keller Williams Realty Partners, and Defendant Keller Williams Realty, Inc. at 3633 Wheeler Road, Suite 125, Augusta, GA 30909.

## NATURE OF ACTION

3. This is an action lies in real estate transactions
4. and contract breach; Fraud; Conspiracy to Commit Fraud; Misrepresentation; abuse under O.C.G.A. §§ 30-5-1 through 30-5-10; O.C.G.A. § 30-5-3; and tortious interference of administration.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over this action pursuant to under 28 U.S.C. §1332(a)(1) because plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interests and costs. Subject matter jurisdiction over the state common law fraud claims arise under 28 U.S.C. §1367(a). Venue is proper in this District pursuant to 28 U.S.C. 1391(b) and (c). All events occurred in Richmond County, State of Georgia.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff hereby re-alleges and incorporates by reference the allegations of paragraphs 1 through 4 of this Complaint as if fully set forth herein.

6. Plaintiff is an heir, 1 of 5, of a decedent who was a resident Augusta, GA, O.C.G.A. 53-3-6(a), and had a stake in a property at 318 Greene Street, Augusta as well as the contents therein.

7. Defendant Barabino, Licensee #387881 is listed in state license records under the Jones Group Augusta, LLC. Defendants listed and attempted to contract for the property at 318 Greene Street, Augusta, GA 30901 with Plaintiff's 87 year old Mother.

8. It appears the Defendant Barabino met Plaintiff's Mother at 318 Greene Street in November 2023; she physically signed a listing agreement to a property she could not sell, as the property was not totally owned by her. Mr. Barabino never saw her in person again between November 2023 and throughout 2024.

9. Continuing with the fraud, Plaintiff was advised that the house was under contract on December 5, 2023. Upon review of the signed contract, I noticed several items which were incorrect, i.e. a chandelier was not excluded among other issues.

10. Defendants utilized DOTLOOP. Plaintiff noticed that his Mother's Initials and Signature were time stamped and dated for December 5, 2023 at 5:20 PM EST. Plaintiff knew his mother could not have signed these documents as she was in Plaintiff's presence at 21 East 52d Street, New York, NY eating dinner in Berk's Restaurant. Moreover, Plaintiff's mother does not have a laptop nor a PC. Plaintiff's mother's cell phone was not on her person and she would have had to download the DOTLOOP App to access and sign these documents.

11. Continuing with the fraud, Defendant Barabino was contacted on December 8, 2023. Defendant Barabino insisted that Plaintiff's mother signed the real estate contract. That day, when Plaintiff inquired to his brother Joseph Cresci had reviewed and signed via DOTLOOP, Joseph Cresci stated, " no, and he had not seen a contract."

12. Continuing with the fraud, Defendant Barabino rejected a phone call from Plaintiff's Real Estate Appraiser Brother Charles who has over 35 years in real estate. Defendant Barabino refused to discuss the transaction.

13. Plaintiff's suspicion continued to rise, Plaintiff took it upon himself to check out the signing of these documents purporting to be for the Sale of 318 Greene Street, Augusta, GA.

-DOTLOOP Leaves a Code when someone initials or signs the Contract;

-DOTLOOP Code/ID Number 4200850452 85, 86, & 87 show an IP Address of 104.28.33.120

-The IP Address utilized to sign the documents was Geo-located at 1105 Walton Way, Augusta, GA 30907 (Fit Augusta) a gym wherein it appears that Defendant Barabino or a member of his staff are members.

- Plaintiff's then 87 year old mother did not sign this Contract. Plaintiff's mother was not present in Augusta, GA on December 5, 2023. Further, Plaintiff's mother has never been to *Fit Augusta*.

14. Defendants sent contract to Contingency Buyers: Murphy (who had to sell their Florida House by January 15, 2024 to meet a contingency; It was not met). The contract was forwarded to various realtors, banks, and law firms purporting to sell a property, which could not be sold. A contract that Plaintiff's mother had not signed. On December 14, 2024 Plaintiff's mother finally admitted that she had not signed any "Murphy" contract documents.

15. It is clear there was a Falsification of Transaction Documents and Misleading Representations made by defendants. The Defendants did, as licensees, falsify or were a party to the falsification of a document involved in a real estate transaction or knowingly represent, either verbally or in writing, to a principal or any interested third party: (e)an artifice, contrivance, or

4

machination with the intent to deceive. Any or all such practices shall constitute a misrepresentation.

16. Defendants presented an offer/counteroffer as if it had been reviewed, signed by the Plaintiff's mother. Plaintiff's mother could not convey the property, but did not even sign the document.

17. Defendants committed failure of a licensee to include financing terms in a sales contract having a financing contingency. Defendant Barabino failed to put in place financing contingency regarding appraisal not meeting the sales price.

18. Defendants failed to provide a copy of any document used in a real estate transaction to any individual signing such document.

19. Defendants are conducting business under a name other than that which is registered with the State of Georgia.

20. Defendants allowed access into 318 Greene Street, Augusta 30901 to third parties who removed items of Plaintiff and similarly situated individuals; specifically an arrangement was for Caren Villanueva of Caring Transitions. Defendants were granting illegal access. Villanueva and Caring Transactions were not invitees, licensees, nor guests.

21. Because the potential buyer "Murphy" could not purchase the property at 318 Greene Street, it appears a "use and occupancy," similar to a short term lease was in place. The Murphys seemingly removed cabinets, walls, removed property of the Plaintiff and similar situated individuals.

22. Defendants continue to list the property and unilaterally dropped the asking price 55,000 within the last timeframe, without regard to market but the expiring list agreement.

## COUNT ONE
## FRAUD & MISREPRESENTATION

23. Plaintiff hereby re-alleges and incorporates by reference the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Defendants took actions to commit fraud, specifically they made utterances, statements, and conveyed documents that were untrue, fraudulent, and designed to place themselves in a better financial position.

25. Defendants made intentional misrepresentations of a material fact – A statement of fact that is false, on purpose, and significant enough to matter. Defendants made statements to third parties which significantly amended the rights of the Plaintiff.

26. .Defendants had knowledge that the representations were false –Defendants conveyed documents that were fraudulent and submitted with the purpose to defraud the Plaintiff and similarly situated individuals.

27. Reliance on the fact by the recipient of the information – The Murphys, their Relator, their bank reasonably relied on the fraudulent information, or was supposed to rely on it.

28. Plaintiff and similarly situated individuals were damaged as a result of the misrepresentation and reliance – Plaintiff has incurred and continues to incur financial damage and some other harms.

29. Defendants made and conveyed writings that were fraudulent, untrue, and designed to place themselves in a better financial position.

## COUNT TWO
## CONSPIRACY TO COMMIT FRAUD

30.     Plaintiff hereby re-alleges and incorporates by reference the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31.     Defendants did act to conspire with third parties to benefit themselves and their business interests. Namely, Defendants conspired with third parties to sell a property without the legal review, signature, contingencies required, in an effort to financially gain.

32. Defendants made false and fraudulent statements and took fraudulent actions with third parties to commit said fraud. Likewise, Defendants took a myriad of phone calls, emails, and meetings in which these parties conspired to commit fraud.

33.     Defendants' actions were designed by several parties in conspiracy to diminish assets for themselves.

34. Defendants conspired with others in actions that were fraudulent, untrue, and designed to place themselves in a better financial position.

## COUNT THREE
## CIVIL ELDER ABUSE UNDER O.C.G.A. §§ 30-5-1 through 30-5-10; O.C.G.A. § 30-5-3

35.     Plaintiff hereby re-alleges and incorporates by reference the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36.     The State Georgia has statutes to protect the aging population. Plaintiff's mother is 88 years old, by definition she is an elder person; has a vision issue; and is neither privy nor facile with computers, apps such as DOTLOOP.  Defendants took actions that were false or

providing misleading descriptions and representation of facts caused confusion and to cause mistakes, and to deceive as to the manner, method, and actions of attempting to sell a property.

37. Defendants' actions were specific and targeted toward an 87 year elderly individual and their actions exploited through illegal and improper means, deception, false pretense, and false representation for Defendants' own advantage.

38. Defendants' actions, in taking advantage of an elderly person, cause financial and emotional damage to Plaintiff and similar situated individuals.

39. Upon information and belief, Defendants' wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff and similarly situated individuals.

## DAMAGES

40. As a direct and proximate result of Defendants' actions, Plaintiff suffered the following damages for which a jury may award in the amount as follows:

41. The amount of Compensatory Damages, with treble damages, that resulted from the Defendants' fraud and conspiracy to commit fraud; and

42. The amount of Compensatory Damages, Punitive Damages, Liquidated Damages that resulted from the Defendants' commission of elder abuse which took place in late 2023 and continues; and

43. Prejudgment and Post judgment Interest. Costs and Expenses of bringing this lawsuit; and

44. All other relief the court and jury deem appropriate

## JURY

45. Plaintiff requests a jury of his peers.

## PRAYER

46. For these reasons, Plaintiff Requests a Judgment against Defendants for all the Counts specified herein.

Respectfully submitted,

PETER J. CRESCI
10175 CAMPBELL ROAD, PARIS, NY 13456
*TEL.646-701-9028; Fax: 888-803-9705*
*E.Mail: CRESCILEGAL@GMAIL.COM*

By _____
PETER J. CRESCI, PLAINTIFF

Dated: April 10, 2025

US POSTAGE PAID
$10.10
Origin: 07102
04/10/25
3356770117-15

**PRIORITY MAIL®**

0 Lb 4.50 Oz
RDC 03

EXPECTED DELIVERY DAY: 04/14/25

C065

SHIP TO:
600 JAMES BROWN BLVD
AUGUSTA GA 30901-2332

USPS TRACKING® #


9505 5141 9404 5100 6711 28



PS00001000014    EP14F July 2022
OD: 12 1/2 x 9 1/2

**PRIORITY MAIL**

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

 **PRIORITY MAIL**

 UNITED STATES POSTAL SERVICE
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: CRESCI
830 AVE A
Bayonne NJ
07002

PO 1130

TO: CIVIL CLERK
U.S.D.C
Federal Justice CTR
600 JAMES BROWN BL
Augusta, GA
30901

Label 228, March 2016    FOR DOMESTIC AND INTERNATIONAL USE